UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Paul Arold

    v.                              Case No. 19-cv-824-LM

State of New Hampshire

**REPORT AND RECOMMENDATION**

Petitioner Paul Arold initiated this case on August 8, 2019, by filing a petition for a writ of habeas corpus (Doc. No. 1) while he was an inmate at the Belknap County House of Corrections ("BCHC"). Mr. Arold paid his filing fee on August 13, 2019, and has not filed any document or had any further contact with the court since that date.

The court issued an Order (Doc. No. 4) in this case on April 3, 2020. A copy of that Order was mailed to Mr. Arold at the BCHC, Mr. Harold's address of record. That mailing was returned to the court on April 13, 2020, undelivered, and marked "Return to Sender/Attempted-Not Known/Unable to Forward." See Doc. No. 5-1. Mr. Arold has not provided the court with a current address at which he may be reached, as he is required to do under this court's Local Rules. See LR 83.6(e) (pro se party is "under a continuing duty to notify the clerk's office of any change of address and telephone number" and any party failing to do so is not entitled to notice).

On April 14, 2020, the court issued another Order (Doc. No. 6) directing that Mr. Arold, if he sought to further prosecute this action, must so notify the court, and provide the court with an updated mailing address pursuant to LR 83.6(e), on or before May 15, 2020.  In that Order, the court warned Mr. Arold that failure to respond might result in the dismissal of this case for failure to prosecute.  That mailing, too, was returned to the court undelivered.

It appears that Mr. Arold has abandoned this case.  Accordingly, the district judge should dismiss the matter for lack of prosecution, sua sponte, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) ("A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b) . . ."); Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) (citation omitted) (court may dismiss an action under Rule 41(b) if plaintiff fails to diligently prosecute the matter).

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety.  Any objections to this

Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

                                           _____
                                           Andrea K. Johnstone
                                           United States Magistrate Judge

June 8, 2020

cc:   Paul Arold, pro se